UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DION PIGOTT, | ) | CASE NO. 1:14-cv-1148 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| STEPHEN HORNBACK, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court upon the recommendation of Magistrate Judge Vecchiarelli that the motion for summary judgment filed by defendants Stephen Hornback, Larry Schacherer, Andrew Boor, Doug Noblet, Dino Sgambellone, Kenneth Coontz, and John and Jane Doe Officers[1] (collectively, defendants) be granted in part and denied in part. (Doc. No. 25 ["R&R"].) Plaintiff's complaint asserts a claim pursuant to 42 U.S.C. § 1983 alleging that defendants, in their individual capacities, violated his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution. (R&R at 627[2].) Plaintiff also alleges constitutional claims against the defendants in their official capacities, and two state law claims for intentional infliction of emotional distress, and negligent, willful, wanton, reckless, and intentional misconduct. (*Id.*) Defendants' motion for summary judgment only challenges the constitutional claims against defendants in their individual capacities. (*Id.*).

---

[1] Defendant City of Mansfield did not move for summary judgment.

[2] All references to page numbers are to the page identification numbers generated by the Court's electronic filing system.

Under the relevant statute:

[. . .] Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1)(C).

In this case, the statutory time period has elapsed and no objection has been filed to the R&R by either side. The failure to file written objections to a magistrate judge's report and recommendation constitutes a waiver of a de novo determination by the district court of an issue covered in the report. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *see United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The Court has reviewed the thorough and well-reasoned R&R and adopts the same. Accordingly, defendants' motion for summary judgment on plaintiff's constitutional claims against the defendants in their individual capacities is granted in part as follows: (1) all constitutional claims asserted against defendants Boor, Noblet, Sgambellone, Coontz, and John and Jane Doe Officers (1-10) in their individual capacities are dismissed; and (2) to the extent that plaintiff asserts a claim for unreasonable seizure based upon his initial encounter and flight from police that led to his conviction in municipal court for obstructing official business and resisting arrest, that claim is dismissed. However, defendants' motion for summary judgment is denied with respect to plaintiff's excessive force claim against defendants Hornback and Schacherer in their individual capacities.

Before this case was assigned to the undersigned, discovery was limited to the issue of qualified immunity, and a dispositive motion schedule established with respect to that issue. (Doc. No. 11 and Minutes of Proceedings September 5, 2014.) The Court's ruling on defendants' summary judgment motion does not resolve the case. Therefore, the Court will conduct a telephonic status conference with counsel only at 12:00 noon on January 29, 2016, to establish a case management plan to bring this case to resolution. One week before the status conference, counsel shall file a joint notice containing proposed dates and deadlines for the completion of any outstanding discovery, dispositive motions, final pretrial conference, and trial.

**IT IS SO ORDERED**.

Dated: December 30, 2015

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**